CHARLES W. BLAKESLEE & SONS vs. ANTHONY CARROLL.

Third Judicial District, New Haven, January Term, 1894. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In an action of slander the defendant may show that the defamatory words were spoken under such circumstances as to shield him from what would otherwise be an actionable wrong; that is, that the occasion was a " privileged occasion." These occasions are divided into two classes: Those absolutely privileged, and those of conditional privilege. In the former case the defamatory words, though knowingly false and spoken with express malice, impose no liability for damages; while in the latter case the speaker is liable, provided the words were false and spoken with express malice.

Where a committee of the whole of the board of aldermen was charged with the investigation of certain specific grievances, but extended its investigation to other matters and invited, permitted, or compelled persons to come before it and make statements or give testimony pertinent and relevant to such other matters, the occasion is, as to the persons making such statements or so testifying in good faith and without malice, one of conditional, but not of absolute, privilege. It is not essential in such case that the statements should have been made, or the testimony been given, in response to questions.

And where the alleged slanderous words were claimed by the defendant to have been uttered under such circumstances, it was *held* that he might prove the extent and scope of the investigation actually made by the committee, by its report and the record of the board of aldermen accepting the same.

[Argued January 23d—decided March 6th, 1894.]

ACTION to recover damages for slander, brought to the Superior Court in New Haven County and tried to the jury

before *George W. Wheeler, J.;* verdict and judgment for the plaintiffs for $500 damages, and appeal by the defendant for alleged errors of the court in excluding evidence and in the charge to the jury. *Error, and new trial granted.*

The complaint alleged that the plaintiffs were partners in business and engaged in furnishing materials and building roads, sewers, pavements and general stone structures in New Haven and other places; that the defendant was a sewer contractor in said city, and on the 27th of July, 1891, spoke in the hearing of certain persons named, and many others, the following false and slanderous words of and concerning the plaintiffs, and of the plaintiffs in their trade and profession :—" I may be poor; I don't own as much money as the Blakeslees; but I tell you, you see the city property go up there, and see the Blakeslees' yard; see the cobble stones and paving stones belonging to the city; look at the city year book, and see how much they drew out of it; no wonder they be rich ; and why cast reflections on my name, when I do my work?"

The complaint then set out certain questions which were alleged to have been asked by one of the persons in whose hearing the words above quoted were uttered, and the replies thereto by the defendant; and averred that the defendant, by the words so uttered by him, " meant to be understood and was understood by those who heard him to mean that the plaintiff did not honestly obtain said cobble stones and paving stones, and that they had either stolen the same, or they had fraudulently obtained them by collusion with the board of public works; and that they had unlawfully taken into their possession and unlawfully appropriated to their own use a large quantity of paving stones and cobble stones, the property of the city of New Haven, with an attempt to defraud said city."

The other facts are sufficiently stated in the opinion.

*William L. Bennett*, for the appellant (defendant).

I. The court erred in excluding the testimony as to the scope of the investigation actually made by the committee.

It was important to the defendant to show that the language used by him was pertinent and relevant to that investigation, and of course he could not do this, unless he could establish what the subject-matter of that investigation was in fact. If the committee heard grievances not specifically referred to them for investigation, the defendant should have been permitted to show that fact; and the evidence excluded did show just that.

-II. As the defendant's second defense was not demurred to, the facts therein stated, if proved, constituted a complete defense to the action. In this defense the defendant, without disputing the malice or relevancy of the language used by him, rests his case upon the ground that the words were spoken by him as a witness in a judicial or *quasi* judicial proceeding. The law is well established that a witness in a judicial proceeding is absolutely exempt from liability in an action for defamatory words, published in the course of such proceedings, whether the words are true or false, malicious or not, and pertinent or otherwise. *Seaman* v. *Netherclift*, 1 C. P. Div., 540, 2 C. P. Div., 53; *Hunckel* v. *Voneiff*, 69 Md., 179. If this rule has been at all modified it is to this extent: That the privilege extends only to the case where the words are pertinent to the matter under investigation, or *were believed by the witness to be pertinent. White* v. *Carroll*, 42 N. Y., 161; *Lea* v. *White*, 4 Sneed (Tenn.), 111; *Hutchinson* v. *Lewis*, 75 Ind., 55; *Calkins* v. *Sumner*, 13 Wis., 193; *Barnes* v. *McCrate*, 32 Me., 442; Am. & Eng. Ency. Law, Vol. 13, p. 408. The court erred in refusing to charge that the privilege extended to the case where the witness believed the words uttered to be pertinent. The board of aldermen sitting as a committee of the whole is a judicial, or at least a *quasi* judicial body, and the defendant was entitled to an instruction to that effect. City Charter, § 26.

If the court erred in holding that the committee was not a judicial, or *quasi* judicial body, it erred also in charging that the privilege of the defendant, if any, could only be considered as limited. The court said: " So that," [viz., because

the committee was not a judicial or *quasi* judicial body,]
" the kind of privilege that this is, if it is a privilege, is a
conditional privilege. And a communication to be privileged,
of this sort, must be made upon a proper occasion, from a
proper motive, and must be based upon reasonable or prob-
able causes." The defendant is by this instruction deprived
of his second defense, which alleges an absolutely privileged
communication. It also deprived him (if his words must be
pertinent or believed to be pertinent) of the presumption of
their pertinency. *Hutchinson* v. *Lewis*, 75 Ind., 55 ; *Barnes*
v. *McCrate*, 32 Me., 442 ; *Calkins* v. *Sumner*, 13 Wis., 193 ;
*White* v. *Carroll, supra.*

III. The court refused to instruct the jury as requested
in regard to the third defense, and told them that there was
no evidence to support it, thus removing it from their con-
sideration. This defense states that the words were spoken
by the defendant as a witness at a hearing or investigation
held by the board of aldermen as a committee of the whole ;
that it was the duty and privilege of the defendant not only
as a contractor engaged in constructing city sewers, but as
a citizen, to bring to the attention of said board such griev-
ances as were believed by him to be true and pertinent,
and that the words were uttered without malice. The court
says that the defendant does not claim that he went there
as a citizen, but that he was there and testified as a wit-
ness, and in effect charges the jury that he could not be
there both as a witness under oath, and a citizen desiring
to bring to the attention of the aldermen misconduct of
the board of public works. But there is nothing impos-
sible in the positions. If the board of aldermen was hold-
ing as they say, " a general hearing of any and all griev-
ances that anybody had against the board of public works,"
the defendant might appear before them and, if sworn as a
witness, make his statement of grievances to them, and re-
tain both the privilege of a witness and the privilege of a
citizen acting in the discharge of a duty. It was the claim
of the plaintiffs that the last time the defendant appeared
before the committee he had lost the character of a wit-

ness, and that he was there to make known his private grievances. If this was found true by the jury, is the defendant to be deprived of such privilege as would properly attach to him in such case, because he is here claiming that his complaint was made under oath? It would seem that this cannot be and that in this respect the court erred.

But the court also says that the committee had no right or interest in receiving a complaint; that they had no right to pass upon or entertain it, and that this is conceded. What the court means is that it was not denied that the matter originally confided to them to investigate was an inquiry concerning a road roller. It has not been conceded that they did not in fact hear and invite testimony concerning the very matters of which this defendant testified. If the defendant making a natural and honest mistake as to their powers, conceived the committee of the whole to be clothed with the jurisdiction of the board of aldermen, and applied to that committee for relief from his grievances, such unintentional error does not deprive his statement of its privilege. *Jenoure* v. *Delmege*, App. Cas. (1891), 77 ; *Harrison* v. *Bush*, 5 E. & B., 344; *Thompson* v. *Dashwood*, 11 Q. B. Div., 43 ; *McIntyre* v. *McBean*, 13 Up. Can. Q. B., 534; *Scarll* v. *Dixon*, 4 F. & F., 250 ; *Waring* v. *McCaldin*, 7 Ir. Rep. C. L., 288; Odgers Libel & Slander, p. 171; Am. & Eng. Enc. of Law, Vol. 13, p. 420.

IV. The court charged the jury that if the committee had jurisdiction and the questions and answers were relevant, yet if they found that the defendant gave his testimony maliciously that destroyed the privilege. The defendant had asked the court to charge that under the circumstances stated, the inference of malice which the law draws from defamatory words is rebutted, and the burden of proving actual malice is cast upon the plaintiff. And further that actual malice must be specifically proved by evidence not contained in the language itself.

The court declined so to charge and the jury were left without instruction as to the burden of proof and were permitted to infer malice from the words alone. They may in-

deed have considered from the words used by the court that they were obliged to find malice from the words alone. *Hemmens* v. *Nelson*, 138 N. Y., 517 ; *Kent* v. *Bogartz*, 15 R. I., 72 ; *Jenoure* v. *Delmege*, App. Cas. (1891), 73 ; *Austin* v. *Remington*, 46 Conn., 116.

*Rufus S. Pickett* for the appellees (plaintiffs).

I. The report of the committee and the record of the action taken thereon by the board of aldermen were properly excluded.   They make no traceable reference to the defendant, or to any question or issue, near or remote, involved in this case, and contain nothing that proves, or tends to prove, any claim made by the defendant during the trial.

Said report was mere hearsay.   The defendant sought to prove by it that the committee of the whole of the board of aldermen received testimony generally from any one who had grievances against the board of public works.   So far as this report relates to that subject, it is a mere statement of unsworn witnesses.

The report is only a statement of the conclusion of the signers of it, as to the matter in question. . It does not give the testimony, nor the rulings of the committee.

If the report tended to prove what the defendant claimed it for, it would still be inadmissible.   It is an attempt to show that the board of aldermen received testimony that was wholly irrelevant and concerning questions not at all within their jurisdiction.

The stenographer's notes and the testimony of Charles S. Hamilton were also equally inadmissible.

II. The court correctly charged the jury that the committee in its investigation was not a court of justice or a *quasi* judicial body.   *Hastings* v. *Lusk*, 22 Wend., 410, 417, 421 ; *Mower* v. *Watson*, 11 Vt., 536, 541, 542; *McLaughlin* v. *Conley*, 127 Mass., 316, 319, 320 ; *Hosmer* v. *Loveland*, 19 Barb., 111, 115, 116 ; *Smith* v. *Howard*, 28 Iowa, 51.

The false and malicious testimony of a witness upon a matter over which the tribunal before which he is testifying has no real or apparent jurisdiction is not privileged.   Starkie

on Lib. and Slan., sec. 329; *Huntley* v. *Ward,* 6 C. B. (N. S.), 514; *Smith* v. *Howard,* 28 Iowa, 51, 55, 57; *White* v. *Carroll,* 42 N. Y., 161, 165, 166; *Gilbert* v. *People,* 1 Denio, 41, 43.

The record does not show that any evidence was offered to prove, nor that any claim was made, that Carroll believed that what he said concerning the Blakeslees was a matter over which the committee had jurisdiction, or was in any way relevant to the subject they were investigating.

The charge of the court complained of as to whether testimony would be privileged if relevant, and upon a subject over which the committee had jurisdiction, was abstract and outside of the case.   The courts are fully justified in refusing to charge as requested, if any part of the requests are immaterial, abstract or speculative, even if they contain some correct propositions applicable to the case, and an erroneous charge upon an abstract question of law, having no relation to the case on trial, is not a ground of error.   *Marlbrough* v. *Sisson,* 23 Conn., 44, 54; *Lewis* v. *Phœnix Life Ins. Co.,* 44 id., 72, 88; *Gates* v. *Mowry,* 15 Gray, 564; *Indianapolis etc. R. R. Co.* v. *Harst,* 93 U. S., 291, 295; *Harvey* v. *Tyler,* 2 Wall., 328, 338.

III. The charge relative to damages was free from error. The court said to the jury: " No damages can be recovered for any injury to the private feeling of the partners individually.   Damages can only be recovered for such jury if any, as the plaintiffs, as a firm, may have sustained in their joint trade or business."   The charge taken as a whole could not possibly have misled the jury.   *Smith* v. *Carr,* 16 Conn., 450, 455; *Hawkins* v. *Hudson,* 45 Ala., 482; *McKeon* v. *Citizens R. R. Co.,* 43 Mo., 405; *Bergen* v. *Riggs,* 34 Ill., 170.

IV. The defendant in order to be entitled to privilege as a citizen, ought at least to show that he came before the committee believing that it was a proper place to make a complaint, and that his purpose in appearing there was to do so.   As has already been suggested, there is no claim anywhere, that the defendant had any intention of making any statement as a citizen, or that he made a complaint to the

wrong body, believing or thinking that he was making it to the right one. His entire evidence before the court was offered in support of the claim that he was testifying as a witness. Odgers on Libel and Slander, 271; *White* v. *Nicholls*, 3 How. U. S. 266, 287, 289, 291; *Shadden* v. *McElwee*, 86 Tenn., 149, 150, 154; *Neebe* v. *Hope*, 111 Penn. St., 145, 153; *Sanson* v. *Hicks*, 38 Ala., 279.

V. The charge of the court contained no erroneous proposition by which the jury were misled, and the verdict should stand, even if the charge contained an untenable proposition abstract in character, which did not bear upon the merits of the case, and not of a nature to affect the verdict. Substantial justice has been done, which should not be disturbed by a conjecture, or extinguished by a shadow. *Howard* v. *Minor*, 20 Me., 325; *French* v. *Stanley*, 21 Me., 512; *Hoitt* v. *Holcomb*, 32 N. H., 186; *Elling* v. *Bank of U. S.*, 11 Wheat., 59; *Elam* v. *Badger*, 23 Ill., 498, 502.

TORRANCE, J. This is an appeal by the defendant from a judgment in an action of slander. The complaint sets out the alleged slanderous words in full, and alleges in substance, that they charge or impute a crime and are false and malicious.

The defendant in his answer, after admitting that he uttered the words set out in the complaint, but denying that they had the meaning therein ascribed to them, alleged in substance, first, that they were true and not false and malicious; second, that "said words were spoken by the defendant as a witness testifying under oath before a committee of the board of aldermen of the city of New Haven, a body having power through their presiding officer to compel the attendance and testimony of witnesses before them by the issue of subpœnas and the administration of oaths in the manner and according to the rules governing the same in courts of justice;" third, that "said words were spoken by the defendant as a witness at a certain hearing or investigation held by the board of aldermen of the city of New Haven, sitting as a committee of the whole, concerning the performance by the board of public works of said city, as

then constituted, of the duties imposed upon said board of. public works ; and in connection therewith concerning the granting of contracts to persons connected with the government of the city of New Haven and serving upon any of the boards of said city ; " and " that it was the duty and privilege of the defendant, not only as a person employed and making his living in constructing sewers, but as a citizen interested as such in the good and economical government of the city, to bring to the attention of said board of aldermen at said hearing such matters as were believed by him to be true and as were pertinent and relevant to the matters under consideration by said board ; and that the words so uttered were pertinent and relevant and were uttered without malice and in good faith."

It is quite evident from the record, that the main contention between the parties in the court below related to the question whether the occasion upon which the alleged slanderous words were uttered was what is called a " privileged occasion," either absolutely or conditionally ; and if the latter, whether the defendant had exceeded his privilege, or had been influenced by actual malice ; and the questions involved in the present appeal relate almost entirely to the same matters. The reasons of appeal are somewhat numerous, assigning errors in the rejection of evidence, in the refusal of the court to charge certain requests, and in certain parts of the charge as given ; but it is hardly necessary to consider them all separately or in their numerical order.

One of the questions presented, and one that it seems well to consider first, is whether the occasion upon which the words in question were uttered was one of absolute privilege as it is called, or only one of conditional privilege. It is settled law that in actions of slander and libel the defendant is permitted to show if he can, that the circumstances under which the defamatory words were published were such as to shield him from liability for what would otherwise be an actionable wrong. In such cases the occasion of the publication is, for the sake of common convenience and in the interests of society, said to free the defendant from the lia-

bility that would otherwise be imposed upon him, and is called a "privileged occasion." These occasions are usually divided into two classes : those absolutely privileged, and those conditionally privileged.

The general rule is that defamatory words spoken upon an occasion absolutely privileged, though spoken falsely, knowingly, and with express malice, impose no liability for damages recoverable in an action of slander ; while such words spoken upon an occasion only conditionally privileged, impose such liability, if spoken with what is called · express malice. In the former class the freedom from liability is said to be absolute or without condition, as contrasted with such freedom in the latter class, where it is said to be conditioned upon the want or absence of express malice.

The freedom from liability in the first class is founded upon the principle that in certain cases it is "advantageous for the public interest that persons should not be in any way fettered in their statements," but should speak out the whole truth, freely and fearlessly. Odgers on Libel and Slander, *p. 186. This class is comparatively a narrow one, and is, speaking generally, strictly confined to legislative proceedings, judicial proceedings in the established courts of justice, acts of State, and acts done in the exercise of military and naval authority. In judicial proceedings the protection of the rule extends to judges, counsel and witnesses. "I take this to be a rule of law not founded, as is the protection in other cases of privileged statements, on the absence of malice in the party sued, but founded on public policy, which requires that a judge in dealing with the matter before him, a party in preparing or resisting a legal proceeding, and a witness in giving evidence in a court of justice, shall do so with his mind uninfluenced by the fear of an action for defamation or a prosecution for libel." *Kennedy* v. *Hilliard*, 10 Ir. C. L. Rep., 195 ; *Munster* v. *Lamb*, 11 Q. B. Div., 588 ; *Seaman* v. *Netherclift*, 1 L. R., C. P. D., 540 ; *Dawkins* v. *Lord Rokeby*, 7 L. R. H. L., 744. In the case last cited, which was the case of a witness before a military court of inquiry, Lord Penzance thus states the foundation

of the rule :—" I wish to say one word on the supposed hardship of the law which is brought into question by this appeal. It is said that a statement of fact of a libelous nature which is palpably untrue—known to be untrue by him who made it, and dictated by malice—ought to be the subject of a civil remedy, though made in the course of a purely military inquiry. This mode of stating the question assumes the untruth and assumes the malice. If by any process of demonstration, free from the defects of human judgment, the untruth and malice could be set above and beyond all question or doubt, there might be ground for contending that the law of the land should give damages to the injured man. But this is not the state of things under which this question of law has to be determined. Whether the statements were, in fact, untrue, and whether they were dictated by malice, are, and always will be, open questions, upon which opinions may differ, and which can only be resolved by the exercise of human judgment. And the real question is, whether it is proper on grounds of public policy to remit such questions to the judgment of a jury. The reasons against so doing are simple and obvious. A witness may be utterly free from malice, and may yet in the eyes of the jury be open to that imputation ; or, again, the witness may be cleared by the jury of the imputation, and may yet have to encounter the expense and distress of a harassing litigation. With such possibilities hanging over his head, a witness cannot be expected to speak with that free and open mind which the administration of justice demands."

The existence of what is called an absolute privilege at common law in the case of a witness testifying in a court of law is generally recognized by the courts of this country, although they are not perhaps agreed as to the extent of the privilege, or as to the occasions which are absolutely privileged, to the extent of the rule as applied in England. *Kirkpatrick* v. *Eagle Lodge*, 26 Kans., 384; *Maurice* v. *Worden*, 54 Md., 233; *White* v. *Nicholls*, 3 How. (U. S.), 267; *Bradley* v. *Fisher*, 13 Wall., 335; Cooley on Torts, p. 211.

According to the English authorities the rule undoubtedly

is, that to a witness in a court of justice testifying in a cause properly before the court, the occasion is one of absolute privilege from liability for damages in an action of slander. Whether the rule as it prevails in England and elsewhere as to such witnesses, prevails in this State as to them, as claimed by the defendant, it is not necessary to determine, because we think the proceeding before the committee was not a judicial or *quasi* judicial proceeding within the meaning of the rule as to absolute privilege as it is held anywhere. It was a proceeding to investigate the truth of certain statements made to the board of aldermen, and the power and the duty of the committee were simply to obtain such information as it could concerning those statements, and report to the board of aldermen for its action. The persons who were to make the inquiry had no judicial character or office; had no settled jurisdiction or fixed mode of procedure; and they had no judicial function to exercise, for they could decide nothing, and could only report their action to a board which might altogether disregard what the committee had done. In no proper sense can the committee be called a judicial body or its proceedings judicial. A judicial proceeding within the meaning of the rule as to absolute privilege must, we think, be one carried on in a court of justice established or recognized by law, wherein the rights of parties which are recognized and protected by law are involved and may be determined. The proceedings before this committee were clearly not proceedings of that kind.

But it is said that under § 26 of the charter of the city, the presiding officer of the committee had " power to compel the attendance and testimony of witnesses * * * by the issue of subpœnas and the administration of oaths in the manner and according to the rules governing the same in Courts of Justice." This provision, however, cannot be held to confer judicial or *quasi* judicial power upon the presiding officer, and certainly not upon the committee. All it gives is power to the presiding officer to issue subpœnas for and administer oaths to witnesses whom the committee may desire to improve, and nothing more. If the witness refuses to obey the

subpœna, neither the presiding officer nor the committee has power to issue a capias; and if the witness appears but refuses to testify, neither the committee nor the presiding officer has power under § 26 to commit him for such refusal. *Noyes* v. *Byxbee*, 45 Conn., 382. We know of no authority for holding that the proceedings before this committee were either judicial or *quasi* judicial proceedings within the meaning of the rule now under consideration.

The class of occasions where the utterances of defamatory words is absolutely privileged is, as before stated, confined within narrow limits, and the courts as a rule have steadily refused to enlarge those limits. Odgers on Libel and Slander, p. 184. *Stevens* v. *Sampson*, L. R., 5 Exch. D., 53; In *Maurice* v. *Worden*, *supra*, the court enumerates the cases in which absolute privilege has been accorded and says:— "Beyond this enumeration we are not prepared to go. The doctrine of absolute privilege is so inconsistent with the rule that a remedy should exist for every wrong, that we are not disposed to extend it beyond the strict line established by a concurrence of decisions." See also *White* v. *Nicholls*, *supra*. We see no good reason upon this record for enlarging it so as to include proceedings of the kind in question. The court below committed no error in refusing to charge that the occasion was one of absolute privilege.

The defendant further claims that inasmuch as the second defense was not demurred to, the court should have charged the jury that the facts therein stated, if proved, constituted a complete defense to the action. For the reasons already given we think this claim is unfounded, and the court below committed no error in refusing to so charge.

The defendant further claimed in the court below that the occasion was one conditionally privileged. His grievance here and now is not that the lower court did not so charge, but it is that the instructions given upon this point were misleading in some respects, and erroneous in certain other respects, and failed to present the matter properly to the jury. He also claims that the court erred in rejecting

certain evidence bearing upon the question of conditional privilege. We will consider first the claim last stated.

From the evidence in the case, it appears that certain written statements or charges had been made to the board of aldermen of the city of New Haven concerning the purchase of a road roller by the board of public works of said city. This matter was, by the board of aldermen, duly referred for consideration and investigation to a committee of the whole of said board of aldermen; and it was before this committee during its investigation of the matter aforesaid that the words in question were uttered. The written statements or charges so preferred to the board of aldermen, together with the action of said board in so referring the matter, and a copy of § 26 of the charter of New Haven, constitute Exhibit 1, which was laid in evidence by the defendant in the court below without objection. It was let in "for the purpose of proving the authority and power of said committee before which the words were uttered, and to prove what matters were committed to it for investigation."

In the lower court the defendant claimed that the committee did in fact investigate and hear evidence upon other matters than the matter thus specifically referred to it; that the words charged were spoken by the defendant as a witness before the committee with reference to such other matters and were pertinent and relevant thereto; and that these facts made the occasion one of conditional privilege at least. The plaintiff denied that the words were pertinent or relevant to any matter before the committee, or at least to any matter properly before the committee. It was to show that the committee did in fact investigate and consider outside matters so to speak, and that the alleged slanderous words were pertinent and relevant to such matters, that the rejected evidence was offered.

The record states the matter as follows:—"For the purpose of showing the scope of the investigation, and that the committee of the whole included in the investigation all matters of grievance which any person might have against the board of public works, and in order to show the perti-

nency and relevancy of the evidence of the defendant before the committee of the whole, * * * the defendant offered to produce in evidence the report of the committee of the whole concerning said investigation, and the record of the board of aldermen accepting said report." This was defendant's Exhibit 2. It was admitted that it contained no reference to the defendant's statement made before the committee. Upon a general objection the exhibit was excluded.

For the same purpose the defendant then offered the stenographer's notes of the evidence taken at said investigation, which also, upon a general objection, were rejected. The defendant then for the same purpose offered the testimony of a number of the committee, who were present at all the hearings of the committee, but on a general objection the court excluded the testimony.

The court thus apparently excluded all evidence of this fact from the jury; for if it could not be shown by the record evidence, nor by the parol testimony of those present at the meeting, it could hardly be shown at all. If the fact was admissible, clearly it must be proved if at all in one of these two ways; and we think it was admissible, and that the record offered was competent evidence to prove the fact sought to be established by it, namely, that the committee did in fact investigate and hear evidence upon matters outside of that which was specifically committed to it. In the first place this record was a public document. By the charter (§ 9) it is made the duty of the city clerk to make regular entries of all votes and proceedings of the board of aldermen; and all records kept by him have the same validity as the records of town clerks and are expressly made "in all courts evidence of the truth of the matters therein recorded." By the express terms of the charter, then, it was admissible to prove the truth of the matters therein recorded. In the next place the record clearly shows that the committee did in fact investigate and hear evidence upon other and outside matters, and also shows in a general way what those matters were, and this was all the defendant

claimed to prove by it. That the fact sought to be established by this evidence was admissible is we think quite clear.

The committee it is true were by the action of the board of aldermen charged only with the duty of acting upon certain specific statements or charges made against the board of public works. It might, and perhaps ought to, have confined itself to this specific duty, but if it saw fit to extend the scope of its investigation so as to embrace other charges against the board of public works, and invited, permitted, or compelled persons to come before it and testify or make statements pertinent and relevant to the matters before it, we think the occasion would be as to such parties making such statements or testifying in good faith, one of conditional privilege. Under the charter (§§ 37 and 38) the members of the board of public works are elected by the board of aldermen, and may be removed by them for cause. This power to remove includes the power to investigate the official conduct of the board of public works; and this work of investigating may, at certain stages of it at least, be conducted, we think, by the board of aldermen sitting as a committee of the whole.

The outside investigation as to charges or grievances against the board of public works, which it is claimed the committee did in fact make, was certainly a work which the board of aldermen might have originally referred to the committee, and was one of which the board of aldermen by its vote approved. It was thus a work over which the committee had apparent authority, and to a person in the position of the defendant, such apparent authority was sufficient to protect him, if his statements before it were pertinent and relevant to the matter in hand and were made in good faith and without express malice. As the question whether the occasion was a privileged one depended so largely on the further question whether or not the words charged were pertinent and relevant to the matters actually before the committee, the importance of the rejected evidence becomes apparent. Unless the defendant was permitted to show by the record or by parol evidence that the committee did in

Blakeslee & Sons *v.* Carroll.

fact investigate outside matters, and what those matters were, it might be difficult or impossible for him to prove that the admitted words were relevant and pertinent to any matter properly or improperly before the committee; and he would thus lose the benefit of evidence tending to show that the occasion was one of conditional privilege, and that he had complied with the condition. For these reasons we think the court erred in rejecting the record evidence offered by the defendant, and that this entitles him to a new trial. The fact that a new trial must be granted renders it unnecessary to notice with any degree of particularity many of the other alleged errors assigned, and we will notice only one or two, and that briefly.

In its charge to the jury, the court seems to say in substance, that in order to make the occasion a privileged one, the words must have been spoken in answer to questions; and the defendant claims that the court thus restricted the words privileged wholly to those uttered in response to questions. The charge as given in the record at pages 29, 30 and 31 seems to support this claim of the defendant. We hardly think the court intended to be so understood, but if so, we think the charge was erroneous and misleading. If the defendant, present before the committee as a witness or otherwise, was invited or permitted or called upon to make a statement by the committee, for their information, of matters pertinent and relevant to the investigation they were then actually conducting and apparently within their power, we think the mere fact that the words uttered were not in response to questions does not avoid the privilege. The law regards substance and not form in matters of this kind; it regards what is said and the motives for saying it, rather than the precise form of statement. Of course the fact that a statement was officiously volunteered would be evidence to go to the jury upon the question of express malice, but that is quite another matter.

The defendant also complains that by the charge of the court he was deprived of the benefit of part of his third defense. We think there is some foundation for this com-

plaint. The plaintiffs, claimed that the defendant when he uttered the alleged slanderous words was before the committee not as a witness but as a volunteer, while the defendant claimed he was there only as a witness. As the jury might find according to the claim of the plaintiff on this point, the defendant asked the court to charge in substance that in such case the defendant, under the circumstances, would have the right to go before the committee as a citizen of New Haven and in good faith give such information as he might have touching the matter under investigation. Under the facts as they appear of record we think the court should have complied in substance with this request.

We deem it unnecessary to notice any of the other alleged errors.

There is error and a new trial is granted.

In this opinion the other judges concurred.