CHARLES E. SWEENEY *vs.* FRED W. HIGGINS.

Cumberland.    Opinion November 4, 1918.

*Actions for libel. When the same may be privileged. General rule covering the question of privileged communications. Necessity of proving malice. Burden of proof.*

Action on the case for libel, brought by a police officer of South Portland against an alderman of the same city, and based on a communication to the Mayor and City Government signed by the defendant, preferring charges against the plaintiff, and asking for a hearing thereon.

*Held:*

1.  This was a conditionally privileged communication which is not actionable unless proved to be malicious, and the burden of proving malice by affirmative evidence rested upon the plaintiff.

2.  No action lies for a communication imputing want of integrity or other ground of unfitness to a public official or employee, who is subject to removal by the board or officer to whom the communication is addressed, provided such communication is made in good faith and without malice.

3.  There was no evidence of malice on the part of the defendant in this case. The plaintiff was exonerated by the board after hearing, but actual malice is not to be inferred from falsity alone.

Action on the case for libel. Defendant filed plea of general issue and also brief statement setting forth, in substance, that the communication was a privileged one. By agreement of parties, case was reported to Law Court upon certain agreed statements and stipulations. Judgment in accordance with opinion.

Case stated in opinion.

*William A. Connellan,* for plaintiff.

*Jacob H. Berman,* and *Benjamin L. Berman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, JJ.

CORNISH, C. J.    This is an action on the case for libel brought by a police officer of South Portland against an alderman of the same city, and is submitted to the Law Court upon an agreed statement of facts.

The alleged libel is based upon the following written charges which were presented by the defendant against the plaintiff:

"To the Honorable Mayor and City Government of South Portland:

Respectfully represents Fred W. Higgins of South Portland, who gives this body to understand that Charles E. Sweeney of said South Portland has been acting as an officer of said South Portland; that he has been unmindful of his duty; that he has attempted to extort money from the city of South Portland by attempting to collect for services after having been paid by the Cumberland County Power and Light Company; wherefore your petitioner prays that the said Sweeney may be ordered to appear and show cause why he should not be discharged from the force.

Dated at South Portland this eighth day of August, A. D. 1916.

(Signed)   FRED W. HIGGINS."

It is admitted that the defendant while an alderman and at a meeting of that Board, presided over by the Mayor, presented the foregoing charges, that at the time in question police officers of that city were appointed by the Mayor and his appointments were confirmed by the Board of Aldermen, and that after these charges were preferred an investigation was had and the plaintiff was exonerated. It does not affirmatively appear that these officers were subject to removal by the Mayor and Aldermen, but such is the fair inference, from the fact that the appointment was made by the Mayor subject to confirmation by the Aldermen, *Andrews* v. *King*, 77 Maine, 224, and from the further fact that this communication was addressed to them and cognizance thereof was taken as an investigation leading to exoneration was subsequently made.

These admitted facts bring the written charges within the class of what is known as conditionally privileged communications, which are not actionable unless proved to be malicious and the burden of proving malice by affirmative evidence rests upon the plaintiff. No evidence of malice is submitted by the plaintiff in this case. The burden is not met. The condition is not removed.

It is a settled principle of the law of libel that no action lies for a petition or communication imputing want of integrity or other ground

of unfitness, to a public official or employee, who is subject to removal by the board or officer to whom the petition or communication is addressed, provided such communication is made in good faith, and without malice.   17 R. C. L., Sec. 110; *Jczsa* v. *Moroney*, 125 La. 813, 19 Ann. Cas., 1193 and note; *Farr* v. *Valentine*, 38 App. Cas., (D. C.) 413, Ann. Cas., 1913, Chap. 821, and note; *Tyree* v. *Harrison*, 100 Va., 540; *Blakeslee* v. *Carroll*, 64 Conn., 223; *Kent* v. *Bougartz*, 15 R. I., 72; and see *Bradford* v. *Clark*, 90 Maine, 298.

This rule rests upon sound public policy.   It tends to honesty and fidelity in the conduct of public affairs.   It renders subordinates more amenable for their derelictions to the superior power which is responsible for their acts.   It carefully guards against charges made in bad faith and from malicious motives on the one hand, while shielding the writer from charges made honestly and from a sense of public duty on the other.   The case at bar comes within this rule.   Not only were the charges made to a body having the power of investigation and removal, but they were put forth by one who was himself a member of that body at the time, upon whom rested in part the responsibility for the acts of the subordinate. . The presumption is that the charges were preferred without malice and from a sense of official responsibility, and there is no evidence to rebut this presumption.

It appears that upon investigation the plaintiff was exonerated, from which fact, perhaps, it might be reasonably inferred that the charges were not proven to be true.   But actual malice cannot be inferred simply because of the falsity of the charges.   "It is well settled that falsity is not enough.   The author or authors of the communication may make it and press it upon the attention of others, honestly believing it to be true and acting from the purest and highest of motives, when in fact it is false, and therefore actual malice is not to be inferred from falsity."   *Kent* v. *Bougartz*, 15 R. I., 72, and cases cited.

The application of these familiar principles to the admitted facts in this case requires that the mandate be,

*Judgment for defendant.*