The prayers for relief requested in the within action are of two kinds: Application claiming a writ of mandamus requiring the town *Page 119 
clerk of New Haven to place the question of adoption or rejection of a council-manager charter before the electorate of New Haven on November 4, 1952, and an injunction restraining the town clerk from calling a special election for that purpose on September 16, 1952.
Although the action is brought in the name of the state's attorney for New Haven County in compliance with a law which is archaic in nature, the actual plaintiff in interest is Joseph M. Rourke of New Haven, one of the signers of a petition to which reference will be made hereinafter. The named respondent or defendant is Arthur T. Barbieri, town clerk of New Haven.
The essential allegations of fact recited in the complaint are briefly these: On July 3, 1952, there was filed with the defendant in his capacity of town clerk a petition signed by more than 5 per cent of the qualified electors of the city of New Haven; the petition asked that at the next general election on November 4, 1952, a referendum be held to decide whether the city shall adopt a council-manager charter; the petition was certified by the defendant in his official capacity as containing the requisite number of valid signatures as required by law; it was then transmitted by the defendant to the board of aldermen of the city on August 6, 1952; thereafter on August 11, 1952, the board accepted the petition and ordered a special election to be called on September 16, 1952, to decide the question; this action was approved by the mayor.
As stated, the foregoing recital in brief constitutes the essential allegations of fact contained in the complaint. Such recital does not include certain alleged conclusions of law which have been pleaded. As drawn the complaint challenges the legal propriety of the board of aldermen in calling a special election on September 16, 1952, to decide the question *Page 120 
of adoption of a council-manager charter by referendum on that date, and particularly the proposed action of the defendant as town clerk to comply with the board's order rather than adhere to the date of November 4, 1952, specified in the petition for submitting the question to the electorate for decision.
The defendant has interposed a demurrer to the complaint on the broad ground that the plaintiff desires him to act in a manner not within the scope of his duties as town clerk. Technically, the defendant should have also filed a motion to quash since the complaint as much partakes of the quality of an application for a writ of mandamus as well as of a bill in equity. But a motion to quash is in any event the equivalent of a demurrer in a mandamus proceeding;Varanelli v. Luddy, 132 Conn. 113, 117; and in the interest of time technicality should not be exalted over substance. The allegations of fact hereinbefore recited in abbreviated form must be taken as true in testing the limits of the so-called demurrer.
The general problem presented gives rise to a construction and interpretation of two recent statutes enacted by the General Assembly of Connecticut, effective June 21, 1951, as contained in the 1951 Cumulative Supplement to the General Statutes. They are §§ 118b and 119b thereof. The latter is expressly referred to in the complaint, and both were referred to in the prefatory wording of the petition, which counsel permitted the court to inspect. These statutes are concerned with local action on municipal charters and special acts, initiation of action thereon, and the requirements of a petition if such course is followed by electors. They have to be read together in an endeavor to ascertain what if anything was intended to be accomplished and was accomplished by their adoption. Section 118b is entitled "Local action on charters and special acts," and § 119b is entitled "Initiation of action; petition." *Page 121 
Under § 118b a city such as New Haven, so far as is material to the problem presented, is given the power "to make, amend, add to or replace its charter," provided such action is "approved at a general election of such ... city ... or at a special election called by a majority vote of the [board of aldermen] ... warned and held for that purpose, at which election at least fifty-one per cent of the electors qualified to vote ... shall have voted on such action."
Section 119b reads, so far as is material: "Any such action shall be initiated by a two-thirds vote of its legislative body [here the board of aldermen] ... or by a petition filed with the town clerk of such municipality, signed by ... five per cent of the qualified electors [since New Haven has a population of over 100,000]."
In the case at bar, the method pursued was by signed petition of the requisite number of qualified electors. This is the second of two alternative methods prescribed in § 119b, which is concerned with the initiation of action and the requisite number of signers to a petition, if that method is pursued as in the case at bar. The only reference to a referendum at a general or special election is to be found in § 118b; and such authority is conferred only when exercised by a majority vote of the board of aldermen.
Clearly the method of petition sanctioned by § 119b is not dependent upon approval by the board of aldermen. That the petition itself was addressed to the board does not affect the situation. See Cummings
v. Looney, 89 Conn. 557, 561.
As drawn, neither of the statutes empowers the board of aldermen to call a referendum when the question arises by petition, as in the case at bar; and, by the same token, neither statute empowers the town clerk or the signers of the petition to set the election day on such referendum. In their present *Page 122 
state the statutes are meaningless as applied to the problem presented. Obviously, they require a further clarifying amendment by the General Assembly to make them operative in so far as the setting of date of referendum under the alternative method of petition is concerned.
From what has been said it follows that the town clerk of New Haven has not the legal power to place the subject matter of the petition before the electorate of New Haven on November 4, 1952, or on any other date. A writ of mandamus cannot issue unless it is within the power of the defendant to perform the act commanded. State ex rel. Shelton v. Edwards,109 Conn. 249, 254; State v. Towers, 71 Conn. 657,663.
The interposed demurrer of the defendant is required to be sustained in so far as it relates to the plaintiff's prayer for the issuance of a writ of mandamus respecting the date of November 4, 1952, as the submission date of referendum. It is overruled as to the plaintiff's prayer for injunctive relief respecting the date of September 16, 1952, as the date ordered for such submission by the board of aldermen upon which the defendant proposes to issue a call. While the form of the demurrer does not precisely state that it is directed to the forms of relief sought by the plaintiff, it is subject to that interpretation, argued by counsel on that basis, and so treated by the court. The exigencies of the occasion are such that the court must look to substance rather than to form and waive technicalities the observance of which would only result in the waste of precious time.
For the present, the temporary restraining order entered on August 19, 1952, directing the town clerk as defendant to refrain from preparing for the special election ordered by the board of aldermen on September 16, 1952, and from expending moneys in *Page 123 
connection therewith, will remain in full force and effect until further order of court. This is because the calling of such election on referendum is not properly sanctioned by either of the two statutes herein considered, neither of which in their present form legally authorizes the calling of such election on the requested referendum by petition. The resort to injunctive relief may be had for the limited purpose of preventing the doing of something which is in itself without legal sanction.
As already noted, the special election ordered for September 16, 1952, and which the defendant is prepared to call, is without legal sanction, standing and efficacy. It is hoped that the General Assembly of Connecticut in its 1953 session will be asked to rectify and correct the two statutes herein considered. Until such is done a petition otherwise substantially conforming to the statutory law, as in the case at bar, continues inoperative by reason of statutory omission as to designation as to who is authorized to set the date of referendum.
All of the participating lawyers are accorded commendation for their efforts. Of necessity their work was done under pressure of time. Their approach to the problem has been marked by scholarship and industry. In some instances their arguments have gone into subsidiary questions which need not be specifically considered in this writing. That the result reached is of a hybrid nature in which no one side completely wins or loses is due to a fatal omission in the statutes under consideration. No court can rewrite a statute or supply an essential provision which is totally lacking. That function alone belongs to the legislative branch of the government.
 The disposition made is as already stated.