The defendant made a series of charges against officials and employees of the town of Fairfield, including allegations of unethical conduct, corrupting influence and illegal activities. The plaintiff board of selectmen of the town of Fairfield appointed an ethics panel to investigate those allegations. The ethics panel requested the board of selectmen to issue a subpoena requiring the defendant to appear and testify concerning the allegations he had made. The board of selectmen *Page 669 
granted the request and authorized the issuance of a subpoena to compel the defendant to testify before a joint session of the board of selectmen and the ethics panel. The subpoena was issued and signed by the town attorney in his capacity as a commissioner of the Superior Court. The defendant appeared at a joint session of the board of selectmen and the ethics panel, but he refused to testify after the board of selectmen adopted a resolution ordering him to do so. The plaintiff board then commenced this action to compel the defendant to give such testimony. The trial court concluded that "[t]here are no procedures by which the [plaintiff] may apply to a court for an order to compel compliance with its subpoena power," and rendered judgment for the defendant. The plaintiff appealed, contending that the trial court had the power to order compliance with the subpoena because the power to issue a subpoena carries with it the power to apply to a court for enforcement.
Subpoena powers were originally granted to the board of selectmen of the town of Fairfield by Special Act 527 of the 1947 session of the General Assembly. The granting provision reads as follows: "The selectmen shall have the power to investigate any and all departments, offices and agencies of the town and for such purpose shall have the power to issue subpoenas." 25 Spec. Acts 698, No. 527, c. 4, 4. This subpoena power was retained by the board of selectmen under subsequently adopted charter provisions. See Fairfield Charter, c. 4, 3 (1961) and Fairfield Charter, c. 4, 3 (1975). Although the General Assembly gave the selectmen of the town of Fairfield the power to issue subpoenas, it gave them no power or procedure to compel their enforcement. The special act and charter must be applied as their words direct. Dental Commission v. Tru-Fit Plastics, Inc.,159 Conn. 362, 365. *Page 670 
In the absence of expressed legislative authority, the mere granting of the power to issue a subpoena does not carry with it the implied power of enforcement. "The power to compel a witness to answer is inherent in a court of justice; but when the power to summon and examine witnesses is given to a mere administrative officer, the power to compel an answer cannot be inferred, but must be clearly given by statute." In re Application of Clark, 65 Conn. 17, 33.
The special act and charter do not grant subpoena powers accompanied by a grant of power to punish summarily those who refuse to obey the subpoena or testify, nor do they grant subpoena powers coupled with the authority to apply to the court to compel compliance. If the General Assembly desired the plaintiff to have those powers, it could have so provided by special act or by statute. "`The General Assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them. And it is always presumed to have intended that effect which its action or non-action produces.'" Hartley v. Vitiello, 113 Conn. 74,82, quoting State v. Staub, 61 Conn. 553, 566; see Coombs v. Darling, 116 Conn. 643, 647. "No court can rewrite a statute or supply an essential provision which is totally lacking. That function alone belongs to the legislative branch of the government." State ex rel. Rourke v. Barbieri,18 Conn. Sup. 118, 123.
In Noyes v. Byxbee, 45 Conn. 382, the insurance commissioner issued a subpoena to compel Benjamin Noyes to testify and be examined as part of the investigation of two life insurance companies. When Noyes declined to be sworn and answer questions concerning the financial condition of the companies, he was found in contempt and committed to jail until he purged himself. In its decision on *Page 671 
Noyes' writ of habeas corpus, the Supreme Court held that, although the commissioner had express authority to administer oaths and to compel the attendance of witnesses and the production of records, books, papers and other documents, he had no direct authority to commit any person to jail for refusing to be sworn and to answer his questions. Id., 385. His power of subpoena became exhausted when Noyes obeyed his summons by appearing in due time before him. The Supreme Court further stated: "We think the granting of so great power to a commission or to a single commissioner should not be left in doubt, or be inferred from the duties to be performed, when it is so easy to confer it in express terms, if the legislature is disposed to grant it." Id., 386.
In Blakeslee Sons v. Carroll, 64 Conn. 223, the court found that, even though the presiding officer of a committee had the power under the New Haven charter "to compel the attendance and testimony of witnesses . . . by the issue of subpoenas and the administration of oaths in the manner and according to the rules governing the same in Courts of Justice," neither he nor the committee had the power to issue a capias or to commit an individual for refusing to testify. Id., 234-35.
In its brief the plaintiff argues that 51-85 of the General Statutes; see Public Acts 1977, No. 77-386 (effective June 14, 1977); not only gave subpoena powers to its town attorney, but also provided the authority to make application to the court for an order compelling obedience. Nowhere in the record is there a hint that such a claim was ever made to the trial court or would be raised on appeal. This court will not consider claimed errors on the part of the trial court unless there has been compliance with 3063 of the 1978 Practice Book. State v. Williams, *Page 672 169 Conn. 322, 333; State v. Evans, 165 Conn. 61,69. Only in the most exceptional circumstances will this court consider questions of law which were not claimed as error at trial. In the matter at bar, the claimed error is not of constitutional dimension and there is nothing in the record to indicate that the plaintiff was clearly deprived of a fundamental constitutional right. Id., 70.
 There is no error.
In this opinion A. HEALEY and PARSKEY, Js., concurred.