[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike Counts One and Two of the revised complaint on the grounds that grievant possesses absolute immunity from liability for defamation arising out of the statements made in a grievance due to the act that the grievance process is a judicial proceeding; and that the immunity regarding liability for defamation may be extended to include immunity from liability for the negligent infliction of emotional distress.
The following issues are presented.
1. May the statements made by a grievant in a grievance which is submitted to the Statewide Grievance Committee by the subject of a civil suit which sounds in defamation?
2. When a grievant possesses absolute immunity from liability for defamation regarding the statements made in a grievance which is submitted to the Statewide Grievance Committee may those same statements support a cause of action for the negligent infliction of emotional distress?
Samuel D. Chester, the plaintiff, is an attorney who, when this action commenced, was employed by the law firm of Schatz Schatz, Ribicoff Kotkin. In the course of his employment he represented the Connecticut Bank Trust Co. in a collection proceeding against Herbert W. Willey, Jr., the defendant. Subsequent to the termination of the above-referenced collection proceeding the defendant filed a grievance with the Statewide Grievance Committee (SGC) making statements therein which allege improper conduct by the plaintiff in the practice of his profession. On December 29, 1989, the SGC dismissed the defendant's grievance based upon a finding of no probable cause that the plaintiff was guilty of any misconduct.
Thereafter, the plaintiff commenced the present action through a two-count complaint dated February 16, 1990, which alleges both defamation and negligent infliction of emotional distress. On December 13, 1990, the defendant filed with the court a motion to strike and a supporting memorandum seeking to strike both counts of the plaintiff's revised complaint which CT Page 5161 is dated December 4, 1990. The plaintiff's memorandum in opposition was filed with the court on December 11, 1990.
Among the grounds asserted by the defendant for striking both counts of the plaintiff's revised complaint is that the defendant is entitled to absolute immunity for the statements which he made in his grievance because said grievance was a duly filed complaint made to a quasi-judicial agency.
Issue 1
"There is a `long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." Petyan v. Ellis, 200 Conn. 243, 245-46 (1986). "The effect of an absolute privilege is that damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously." Id. at 246. Although, "`[t]he' judicial proceeding `to which the immunity attaches has not been defined very exactly [sic] [i]t includes any hearing before a tribunal which performs a judicial function.'" Id.; see also Magnan v. Anaconda Industries, Inc.,37 Conn. Sup. 38, 43 (Super.Ct. 1980). Further, the "privilege extends to every step of the proceeding until final disposition" Petyan, 200 Conn. at 246; including preparation of that proceeding. Blakeslee Sons v. Carroll, 64 Conn. 223,232 (1894); Magnan, 37 Conn. Sup. at 43.
The SGC is an "arm of the court," Sobocinski v. Statewide Grievance Committee, 215 Conn. 517, 525 (1990); which is provided for by statute, Conn. Gen. Stat. 51-90
through 51-90h (rev'd to 1991), see also Conn. Practice Bk. 273 et seq. (rev'd to 1978, as updated to January 4, 1991); and created by the court as an exercise to its "inherent authority to regulate attorney conduct and of discipline the members of the bar." Sobocinski, 215 Conn. at 525. The SGC is empowered by the judges of the superior court to conduct investigations into the conduct of its officers and to seek "judicial sanctions against those claimed to be guilty of misconduct." Sobocinski, 215 Conn. at 525-26. (Emphasis added). The SGC is not an agency as defined by the Uniform Administrative Procedure Act, Sobocinski, 215 Conn. at 525; which provides an avenue of appeal from the decisions of administrative agencies. Conn. Gen. Stat. 4-166 et seq. (rev'd to 1991) (emphasis is added).[1]
"Disciplinary proceedings [conducted by the SGC] are for the purpose of preserving the courts `from the official ministration of persons unfit to practice in them' (citations omitted)." Statewide Grievance Committee v. Rozbicki, 211 Conn. 232, CT Page 5162 238 (1989). Such a proceeding "is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender, but the protection of the court. (Citations omitted). Once the complaint is made, `the court controls the situation and procedure, in its discretion, is the interests of justice may seem to it to require.' Id. at 238-39. (Emphasis added).
The SGC is a judicial entity to which the court has delegated its exclusive and original authority to police the members of the bar. As a judicial entity the proceedings conducted by and before the SGC are judicial proceedings. Therefore, any statements made during such proceedings, including those made in a grievance which initiates the proceedings, are absolutely immune from liability for defamation.
Issue 2
The defendant argues that the immunity provided by the absolute privilege enunciated in Petyan v. Ellis, 200 Conn. 243
(1986), extends to the second count of the plaintiff's complaint which alleges the negligent infliction of emotional distress. We conclude that the immunity does so extend.
After holding that the defendant's statements were absolutely privileged, the court in Petyan extended the defendant's immunity from liability for defamation to include immunity from liability for the intentional infliction of emotional distress. Petyan, 200 Conn. at 255.
Although the present complaint alleges the negligent infliction of emotional distress, we find that the reasoning of the court in Petyan is nonetheless dispositive. In Petyan, the court's reasoning was based largely upon 1 Restatement (Second) of Torts (1965) 46, comment (g). Id. at 254. Comment (g), in pertinent part, states: "The actor is never liable, for example, where he has done no more than to insist upon his rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress." 1 Restatement (Second) of Torts (1965) 46, comment (g) (emphasis is added).
Such immunity, where one is "well aware" of the result his actions will cause, equally precludes liability when one is merely negligent in his awareness of the result. The court's holding in Petyan supports defendant's claim that he is immune from liability for the negligent infliction of emotional distress. CT Page 5163
The defendant's motion to strike Counts One and Two of the plaintiff's revised complaint is granted.
M. HENNESSEY, J.