## CALKINS VS. SUMNER.

An action for slander will not lie against a witness for evidence given by him in a judicial proceeding, pertinent and material to the cause, however much he may have been actuated by ill-will.

When words, otherwise actionable in themselves, are spoken by a witness in giving his testimony in a judicial proceeding, they are *prima facie* privileged, and it lies with the party complaining of them to establish that they were not pertinent or material to the matter in controversy, and that the speaker was actuated by malice.

A witness is not bound to determine the materiality or pertinence of questions put to him, and in the absence of objection or warning from the court or the counsel engaged in the cause, may make truthful and direct responses to such questions without being liable to an action for slander.

APPEAL from the Circuit Court for *Rock* County.

Complaint, that the defendant, in a discourse concerning testimony which the plaintiff had given in a certain action before a justice of the peace, falsely and maliciously said of the plaintiff: "I never heard him swear (meaning, give evidence in a judicial trial) but once. In a case between myself and him for sand, he swore it on to me. I thought he would swear to the truth, but he swore to a lie" (meaning that the plaintiff committed perjury). The answer was, that the words were spoken by the defendant on his examination as a witness, upon the trial of certain matters of difference between the plaintiff and one Murray, which had, by agreement in writing, been referred to the arbitrament of certain persons named; that the defendant appeared before the arbitrators in obedience to a subpœna, and was duly sworn by a justice of the peace; and that the words were spoken as part of his evidence on the trial, and were responsive to

VOL. XIII—13

June Term,
1860.

CALKINS
V.
SUMNER.

questions put to him by counsel, and were of the issue then being tried, and were not spoken falsely or maliciously or with intent to injure the plaintiff, &c. Before any evidence was given, the court ruled "that it was not for the plaintiff to make any proof of malice; that by the answer the slander was admitted, and the *onus probandi* was on the defendant." It was admitted that the arbitration took place as stated in the answer, and the defendant, who was sworn in his own behalf, testified: "I was subpœnaed to attend as a witness before the arbitrators, and was sworn; the plaintiff had been previously examined as a witness; I was asked by Rockwell, the counsel of Murray, if I knew the character of the plaintiff for truth and veracity; Brooks, the attorney of *Calkins*, asked me why I would not believe him under oath, and if I had ever heard him sworn; I told him never but once; he then asked me what case it was; I told him in a case between *Calkins* and myself about some sand; he then asked me to relate the circumstances under which *Calkins* was put upon the stand; I told him that I wanted to prove something that I could not prove by any other witness, and we then put him on the stand. Then Brooks asked me what he swore to, and I said, 'He swore it on to me.' Mr. Rockwell asked me if he did not swear to a lie. I said, 'I say he did.' I supposed I was obliged to answer these questions. No objection was made to the questions by the arbitrators or counsel. I answered them because they were asked me, and had no design or intention to injure the plaintiff." The court charged the jury as follows: "1. If the evidence was given maliciously, no matter how pertinent to the issue, it is slander; it is only when the witness testifies fairly and without malice, that he is privileged. 2. In this case you must find for the plaintiff any way; there is no justification in the answer. If the jury find that the defendant spoke the words charged in the complaint in answer to questions put to him as a witness before arbitrators, in a proceeding before them, for the purpose of impeaching the plaintiff as a witness in the same proceeding, it constitutes no justification of the speaking of the words; for the statements of the defendant in such a case, if the character charged was improper or il-

legal, was, in no sense, proper or legitimate evidence. Slanderous words spoken by a witness upon the trial of a cause, in order to be privileged, must be in the proper course of judicial proceedings, and must be such statements as he could be compelled to make as such witness. You may take into consideration, however, the circumstances under which the words were spoken, in mitigation of the damages, or to repel the presumption of malice." The defendant asked the court to charge the jury: "1. If the jury find that the words set forth in the complaint were spoken upon a trial before arbitrators, on which trial the defendant was sworn as a witness, and that they were spoken in answer to a question propounded to him as a witness on the trial, and were responsive to such question, then the plaintiff cannot recover. 2. If the jury believe that the words set forth in the complaint were spoken without malice, and without any design to injure the plaintiff, then the plaintiff cannot recover;" but the court refused to give these instructions.

Verdict and judgment for the plaintiff.

*Rockwell & Converse*, for appellant, contended that the answer disclosed facts which made the statement privileged (*Lake vs. King*, 1 Saund., 131; *Astley vs. Young*, 2 Burr., 807; 5 Johns., 523; *Hoar vs. Wood*, 3 Met., 193), and therefore not actionable, but upon affirmative proof of express malice. Starkie on Slander, 200; *Bradley vs. Heath*, 12 Pick., 163; *Remington vs. Congdon*, 2 id., 310; *Thorn vs. Blanchard*, 5 Johns., 508; *Jarvis vs. Hathaway*, 3 Johns., 180; *Jennings vs. Paine*, 4 Wis., 358. Counsel also cited 2 Am. L. C., 186, and 3 Campb., 296, note.

*D. S. C. Brooks*, for respondent. [No argument on file.]

*By the Court*, DIXON, C. J. There can be no doubt that the circuit judge was in error when he decided that upon the facts admitted by the pleadings, the burden of proof as to malice, was upon the defendant; that it was for him to show that the words were spoken in good faith and from justifiable motives, instead of it being for the plaintiff to prove that they arose from feelings of malignity, or that there was malice in fact. To support an action for verbal or written

June Term, 1860.

CALKINS
v.
SUMNER,

January 2.

slander, it is necessary that the charges should be false, and that they should be maliciously made. And although where the words used are actionable in themselves, the law ordinarily implies malice from the act of speaking or writing them, and distinct proof of malice is not required; yet when they are written or spoken by parties, counsel, witnesses, jurors or judges, in the course of a judicial proceeding, they are *prima facie* privileged. The circumstances under which they are thus spoken or written exclude the legal notion of malice, and it lies with the party complaining to establish that they were not pertinent or material to the subject in controversy, and that the speaker or writer was animated by ill-will and hatred. This principle is vindicated by the adjudications upon the subject, and is consistent with reason. For it would be extremely inconsistent, and I might say absurd, for the law to presume that judicial proceedings of any kind are resorted to for the mere purpose of enabling parties to indulge their malice and utter slanders, and not in good faith, to attain some legitimate end, or to perform some lawful act or duty, which is useful and beneficial to themselves or others. On the contrary, the presumption is very strong, that persons so situated are using legal proceedings for proper purposes, and that what is said or done proceeds from sufficient cause and right motives; and when that which thus transpires may constitute the basis of an action at all, it is only upon the ground that there is proof of express malice, and that the person complained of has availed himself of his position to gratify his malevolence, by defamatory expressions against parties or others, which have no connection with or bearing upon the subject under investigation. The only exception to this rule as to the burden of proof, which could possibly arise upon the answer of a defendant, would be when it discloses facts showing express malice, and then I apprehend that a court would hardly put him upon, or allow him to come in with his proof that there was no malice, and in that way disprove his answer, in which the very gist of the action is admitted. It is not pretended that such is the case with the present answer, but the court seems to have been gov-

erned by the idea that the law implies malice under such circumstances, which we have shown to be incorrect.

The court also erred in the first instruction to the jury, viz.: "If the evidence was given maliciously, no matter how pertinent to the issue, it is slander." The rule is exactly the other way, as will be found by an examination of a great number of authorities collected and referred to in a note in the first volume of American Leading Cases, page 186. The rule is, that if what is said or written be pertinent and material to the cause or subject matter of inquiry, the speaker or writer is not liable to an action, however much he may be actuated by hatred or ill-will. In such cases there can be no doubt that much may be said and done which is very detrimental to the object of it, but it is one of the many instances which must be considered a loss without an injury, and where the claims of the individual must yield to the dictates of public policy, which requires that the paths which lead to the ascertainment of truth should be left as free and unobstructed as possible.

It follows from what has already been said, that the second instruction was erroneous also, and that those asked by the defendant's counsel should have been given. I think the correct rule in regard to a witness's liability to an action for what he may say pending his examination before a judicial tribunal, is that he is not answerable in damages for any statements he may make which are responsive to questions put to him, and which are not objected to and ruled out by the court, or concerning the impertinency or impropriety of which he receives no advice from the court or tribunal before which the proceeding is had. It seems to me that he may rest safely upon the mere silence of the court and those interested in the subject under examination. We all know that a great majority of the persons called upon to testify in our courts of justice are wholly ignorant of the rules of evidence by which legal proceedings are governed; and that if they were not, they are, in most instances, unacquainted with the true nature of the controversy and the exact legal condition of the issue between the parties, so that they could not determine for themselves the materiality or pertinency

of their answers to particular questions propounded. Besides it is not for them to decide such questions. The law has imposed that duty exclusively on courts, and others having authority to hear and determine disputed questions of law and fact. Witnesses do and must rely on the conduct of courts and the counsel engaged, and in the absence of objection or warning, ought to be permitted, without fear of harm or molestation, to make truthful and direct responses to all questions which may be put to them. They may be compelled to attend and give evidence, and when duly notified, the law makes it their unavoidable duty to do so; and to make them responsible in damages, and, as it were, criminally, for such obedience to a legal requirement, would be a most wicked and intolerable outrage.

The judgment of the circuit court is reversed, and a new trial awarded.