## ACRE v. STARKWEATHER.

1. SLANDER — WITNESSES — PRIVILEGE — ANSWERS TO LEADING QUESTIONS.

Defamatory words uttered by a witness in a criminal proceeding, in response to direct and leading questions put by the attorney for the person against whom they are directed, will not support an action for slander.

2. SAME—CROSS-EXAMINATION.

Where a witness has testified on direct examination that the reputation of defendant for truth and veracity is bad, and is asked, on cross-examination by defendant's counsel, upon what he bases his opinion, his reply that defendant is a thief, —that he stole witness' clothes,—is, as a matter of law, not actionable as slander. MONTGOMERY, J., dissenting.

3. SAME—ABSOLUTE PRIVILEGE.

Whether, in this State, a witness is privileged as to immaterial matter which he may maliciously inject into his testimony,— *quære*.[1]

Error to Clinton; Daboll, J. Submitted June 9, 1898. Decided September 27, 1898.

Case by Edward A. Acre against Scott Starkweather for slander. From a judgment for defendant, plaintiff brings error. Affirmed.

*Almond G. Shepard* and *Edwin H. Lyon*, for appellant.

*Spaulding & Norton*, for appellee.

GRANT, C. J. The plaintiff sued defendant for slanderous words claimed to have been uttered as a witness in a criminal suit against plaintiff. The suit was in justice's

---

[1] The authorities as to the privilege of a witness in respect to defamatory testimony are collected in a note to *Cooper* v. *Phipps*, (Or.) 22 L. R. A. 836.

court. The testimony was not reduced to writing, and the witnesses for the plaintiff do not agree as to the manner in which the alleged slanderous words were uttered, or as to the exact words uttered. According to some of them, the slanderous words were uttered in response to direct and leading questions put by plaintiff's attorney on cross-examination. For this, therefore, no action will lie.

The testimony of plaintiff himself is that, after defendant had testified that plaintiff's reputation for truth and veracity was bad, either plaintiff's attorney or the defendant's attorney asked him what he based his opinion on, and that his reply was: "He is a thief; he has stole my paint clothes, paint brushes, and part of a harness;" and that he had had plaintiff arrested for stealing these things from him. The other witnesses agree that it was the plaintiff's own attorney who asked him the question, and this must be taken as the fact.

Assuming that the law sustains an action for slander against a witness, we are of the opinion that plaintiff has not brought his case within the rule of those authorities which sustain the right of action. The witness, who is not a lawyer, is not cognizant of the rules of law, and cannot, for himself, readily determine the materiality or responsiveness or pertinency of his answers. He is unfamiliar with the rules of evidence. Public policy requires that he should not be trammeled with fear of a prosecution for slander. The question was a general one. It cannot be said that it is unnatural that the witness should believe that this affected his reputation in the community. The rule is not so hard as to say that the witness, in reply to a general question, where he is not cautioned by court or counsel, must, at his peril, determine the materiality and responsiveness of the question. The English courts and some American courts hold the witness to be absolutely privileged. Some of the courts of this country hold the privilege to be a conditional one. Under the view we take of the case, it is unnecessary to determine this ques-

tion, which is before this court for the first time.   All the courts which hold the privilege to be conditional are very careful to protect the privilege, and to confine the right of action within very narrow limits.   *Barnes* v. *McCrate*, 32 Me. 442; *Calkins* v. *Sumner*, 13 Wis. 193 (80 Am. Dec. 738).

The verdict being one which the court should have directed, it is unnecessary to discuss the errors alleged.

Judgment affirmed.

HOOKER, MOORE, and LONG, JJ., concurred with GRANT, C. J.

MONTGOMERY, J. (*dissenting*).   This is an action for slander.   The declaration alleged that the defendant used the following language of and concerning the plaintiff: "He is a thief, he stole my paint brushes and painting clothes."   Plaintiff gave evidence that the words charged were uttered by defendant while upon the witness stand on a trial of a case of the people against this same plaintiff in which plaintiff was charged with the larceny of some turkeys.   The defendant was a witness in that case, called by the prosecution to prove that the reputation of the plaintiff was bad.   He so testified.   According to the version of some of the plaintiff's witnesses, he was then asked what he based that statement on, and replied using the words set out in the declaration.   The testimony of defendant is that the statements made in regard to the larceny of the paint brushes and painting clothes were in response to direct questions, propounded to him while on the stand as a witness.

The only question which I think merits discussion is whether the rule of law as to the privilege which protects a witness was properly given by the circuit judge to the jury.   While the authorities are not altogether harmonious as to the nature and extent of the privilege which surrounds a witness, there is a substantial unanimity among the courts of this country, and the doctrine may be stated very briefly.   The witness is absolutely privileged in

answering questions propounded by counsel on either side, and not excluded by the court. He is also protected in any statement volunteered material to the issue. And, as he is bound to use his own judgment in responding to an inquiry, he is equally privileged, even though the answer made to an inquiry be not pertinent, if he in good faith believes such answer to be called for by the question. On the other hand, if he wanders from that which he believes to be pertinent and responsive, and abuses his privilege by introducing that which is impertinent and immaterial, his privilege no longer avails him. He may not take advantage of the occasion to maliciously inject immaterial matter. See Cooley, Torts, 211; Newell, Sland. & L. 449; *White* v. *Carroll*, 42 N. Y. 166 (1 Am. Rep. 503); *Shadden* v. *McElwee*, 86 Tenn. 146 (6 Am. St. Rep. 821).

The circuit judge, in portions of his charge, stated the rule as favorable to the plaintiff as the above; indeed, it is doubtful if he drew the line of absolute privilege as favorable to the defendant as he was entitled to have it drawn; but, as the verdict was for the defendant, he is not complaining of this. The plaintiff, however, contends that in other portions of his charge the plaintiff's right to recover was made to depend, not upon the question of whether the testimony was material or responsive to questions proposed, but upon the belief of the defendant in the *truth* of the testimony given. The summing up of the circuit judge upon this point was as follows:

"If you find that the accusation was true, that is a defense to the action, because then he had only said what was true; and, as I have already said to you, if you find from all the evidence—the evidence of Mr. Starkweather and all the surroundings of the case—that he really at the time believed Acre had stolen those articles, and that when he answered in justice's court he was fairly giving his belief as to that, then, so far as this action is concerned here, it amounts to the same thing as though it was actually true, because then he would be testifying honestly and in good faith, and not with malicious intent. In an

ordinary case of slander, if a man makes an accusation against a man, the law presumes that to be false, and presumes it to be malicious, because he has made a statement accusing the man of a thing that is actionable of itself; but in this case the question of privilege, by his being a witness upon the stand, changes that, and he cannot be held liable unless the plaintiff, by his evidence here, has satisfied you that there was actual malice upon his part,— that is, that he acted with a determination, with the intent, and for the purpose of doing the man an injury, knowing that what he said about him was false. And if you find that the plaintiff has established that,—*i. e.*, that what he said was not true, that he did not believe it to be true, that he simply said it to vent his spite or malice upon the other man, and to do him an injury, rather than to give his evidence fairly in the case,—then the plaintiff has made out a case, and would be entitled to recover damages at your hands."

I think these instructions open to the criticism made by plaintiff's counsel. If the defendant, though believing the plaintiff guilty of the offense which his language imputed to him, knowingly sought unwarranted occasion to make the charge, his privilege ceased, and he became responsible for the slander.

For this error the judgment should be reversed, and a new trial ordered.