Schultz, Appellant, vs. Strauss, Respondent.

*February 5—February 23, 1906.*

*Slander: Statements made before grand jury and to district attorney: Judicial proceedings: Privileged communications: Privileged occasions: Cause of action: Discovery.*

1. No cause of action for slander lies for statements and communications made to a grand jury in the course of their proceedings or to the district attorney and his assistants in their official capacities.
2. Words spoken in judicial proceedings, though they are such as impute a crime to another, and therefore, if spoken elsewhere, would import malice and be actionable in themselves, are not actionable if they are applicable and pertinent to the subject of inquiry.
3. Exemption from liability for words spoken on a privileged occasion is not the same privilege recognized in the law as pertaining to confidential communications, but they are privileged upon the ground that they furnish no ground of action for the alleged injury.
4. Proceedings of a grand jury are judicial proceedings.
5. In an action for slander for statements made to the grand jury in the course of their proceedings and to the district attorney in his official capacity, the very nature of the complaint shows that the statements made were pertinent and material to the subject under consideration by the grand jury, and that they were communicated to the grand jury in a judicial proceeding.

6. Such communications are made on a "privileged occasion," and are therefore not actionable.

7. Where plaintiff has no cause of action for slander because the words spoken were communicated to the grand jury in the course of their proceedings, or to the district attorney in his official capacity, it is not error for the circuit court to restrain a court commissioner from punishing for contempt a defendant who refused to answer questions propounded to him touching such communications while being examined as an adverse party under sec. 4096, Stats. 1898.

APPEAL from an order of the superior court of Milwaukee county: J. C. LUDWIG, Judge. Affirmed.

Plaintiff was indicted by the grand jury and was charged with extortion and bribery. He alleges that the charges are entirely false and unfounded in fact, and avers that the evidence upon which the district attorney and the grand jury acted was presented to them by the defendant and that his statements are false and defamatory. He also claims that, by reason of the false and defamatory language spoken of him by the defendant to the grand jury and the district attorney, he has been much defamed and damaged in his character. This action is founded on the claims of plaintiff as above set forth. Plaintiff made an affidavit setting forth that he had no personal knowledge of the words spoken by the defendant and that he had been unable to discover particulars concerning them, and he demanded an examination of the defendant under sec. 4096, Stats. 1898, to enable him to frame his complaint, and for this purpose he instituted a discovery proceeding before a court commissioner of the Milwaukee county circuit court. The points upon which discovery is sought, as alleged in plaintiff's affidavit, are to ascertain the exact language used by defendant in speaking of and concerning plaintiff, the time, the occasion, and the persons present; whether the statements were true or false and whether prompted by motives of express malice; and by whom the matters covered by the alleged defamation were brought to the attention of the grand jury. Upon this examination the defendant, under ad-

vice of counsel, refused to answer certain questions propounded to him, upon the ground that the communications and statements sought to be elicited by these inquiries were made to and in the presence of the members of the grand jury for the June, 1905, term of the municipal court of Milwaukee county, and while they were in session, and also to Francis E. McGovern in his official capacity, then the district attorney of Milwaukee county, and that the information sought had relation to matters then pending for investigation by the grand jury and the district attorney. Upon application to the court for a review of the court commissioner's proceedings and for directions as to further proceedings before him, the court ruled and ordered that "all orders and directions made by the court commissioner upon the examination of the defendant in this cause, whereby defendant was ordered and directed to answer certain questions tending to disclose communications made by the defendant to the grand jury of Milwaukee county while in lawful session and to the district attorney of Milwaukee county in his official capacity, be and the same are hereby reversed, vacated, and set aside, and the defendant is by this order purged of any alleged contempt by reason of his failure to comply with orders and directions of the court commissioner in reference to making answer to said questions." The court further directed that he be not required to answer the questions theretofore propounded upon such examination tending to disclose any statement or communication he had made to the grand jury in the conduct of their proceedings, or to the district attorney and his assistants in their official capacities. This is an appeal from such order of the court.

*Fred'k W. von Cotzhausen,* counsel for appellant.

For the respondent there was a brief by *Hoyt, Doe, Umbreit & Olwell,* and oral argument by *A. C. Umbreit.*

SIEBECKER, J. It is contended that the order appealed from should be reversed because the subject concerning which

the court forbids inquiry to be made is not within the field of privilege. Plaintiff instituted this action to recover damages, upon the ground that he has been seriously defamed in his character and standing, and that the law awards a right to recover compensation for the injury. The order appealed from is specific in forbidding any disclosure of statements and communications made by the defendant to the grand jury in the course of their proceedings or to the district attorney and his assistants in their official capacities. Appellant's counsel frankly admits this to be the effect of the order but challenges its validity, and asserts that statements and communications so made to a district attorney or a grand jury are not privileged upon the grounds claimed, namely, that the statements and communications were made in the course of judicial procedure or that the secrecy respecting grand jury proceedings (as to such statements and communications) must be maintained. The statute providing discovery in proceedings as instituted by plaintiff is framed upon the idea that a plaintiff requires the aid of this remedy to enable him to frame his complaint for the cause of action arising out of the transactions concerning which he seeks discovery. It is therefore essential to inquire at the very threshold of the case: Has plaintiff any right in the law to recover compensation, as for a defamation, on account of any statement or communication the defendant may have made to the grand jury or the district attorney in his official capacity? It is well recognized by numerous adjudications "that words spoken in the course of judicial proceedings, though they are such as impute crime to another, and therefore, if spoken elsewhere, would import malice and be actionable in themselves, are not actionable if they are applicable and pertinent to the subject of inquiry." *Hoar v. Wood,* 3 Met. 193. From an early time this rule has had support and it has been adhered to in the decisions of this court, as is evidenced by the following cases: *Jennings v. Paine,* 4 Wis. 358; *Calkins v. Sumner,* 13 Wis. 193; *Larkin*

*v. Noonan,* 19 Wis. 82. This appears to be the accepted doctrine of the common law in this country, and it is well entrenched by the decisions of many courts, among which are the following: *Acre v. Starkweather,* 118 Mich. 214, 76 N. W. 379; *Hart v. Baxter,* 47 Mich. 198, 10 N. W. 198; *McDavitt v. Boyer,* 169 Ill. 475, 48 N. E. 317; *Blakeslee v. Carroll,* 64 Conn. 223, 29 Atl. 473; *Lauder v. Jones,* 13 N. Dak. 525, 101 N. W. 907; *Kidder v. Parkhurst,* 3 Allen, 393; *Rice v. Coolidge,* 121 Mass. 393; *Mower v. Watson,* 11 Vt. 536.

The exemption from liability for words spoken on a privileged occasion is not the same privilege recognized in the law as pertaining to confidential communications, as between attorney and client and other like confidential relations, but they are privileged upon the ground that they furnish no ground of action for the alleged injury. The inquiry then is: Were the words complained of spoken in the course of judicial proceedings and were they pertinent and related to the subject of inquiry? The proceedings of a grand jury are unquestionably judicial in character (*Counselman v. Hitchcock,* 142 U. S. 547, 12 Sup. Ct. 195), and were expressly so declared by this court in *Larkin v. Noonan,* 19 Wis. 82, where the court quotes approvingly the language used in the case of *Thorn v. Blanchard,* 5 Johns. 508, to the effect that in certain classes of cases no prosecution for defamation will lie for statements and communications made in the presence of a grand jury and in proceedings in the regular course of justice, upon the ground that "the policy of the law here steps in and controls the individual rights of redress. The freedom of inquiry, the right of exposing malversation in public men and public institutions to the proper authority, the importance of punishing offenses, and the danger of silencing inquiry and of affording impunity to guilt, have all combined to shut the door against prosecutions for libels in cases of that or of analogous nature." The case of *Calkins v. Sumner,* 13 Wis.

193, is not in conflict with this decision. The court states in its opinion, commenting on the erroneous rule submitted by the lower court to the jury:

"The rule is, that if what is said or written be pertinent and material to the cause or subject matter of inquiry, the speaker or writer is not liable to an action, however much he may be actuated by hatred or ill-will."

Whatever defendant may have stated to the grand jury or the district attorney must be held pertinent and material from the very nature of the complaint now made against defendant for damages. It is not disputed but that the injury complained of arises out of the transaction resulting in the indictment by the grand jury, which it is charged that the defendant falsely and maliciously instigated. From this it must follow that the alleged defamatory matter was applicable and pertinent to the subject under consideration by the grand jury, and that it was communicated to them in the course of a judicial proceeding. The order appealed from forbids disclosure of statements and communications so made to the grand jury and to the district attorney who were investigating this subject, and these statements and communications must be held to have been made on an "occasion of privilege," and to be therefore not actionable in the law.

This right of exemption from liability for defamatory words spoken under such circumstances has been regarded as of such importance in the administration of public affairs, for reasons of public safety and for the security of the individual from harassing and unjust prosecutions, that the people of the various states have guarded it by constitutional provisions protecting the liberty of speech. It is embodied in sec. 3, art. I, of the state constitution. Mr. Cooley, commenting on these provisions in his Constitutional Limitations, states:

"It is to be observed of these several provisions that they recognize certain rights as now existing, and seek to protect and perpetuate them by declaring that they shall not be

abridged, or that they shall remain inviolate. They do not assume to create new rights, but their purpose is to protect the citizen in the enjoyment of those already possessed. We are at once, therefore, turned back from these provisions to pre-existing law, in order to ascertain what the rights are which are thus protected, and what is the extent of the privileges they undertake to assure." Cooley, Const. Lim. (7th ed.) 596 *et seq.*

Among the rights so protected by the constitutional provisions he enumerates and discusses the privileges accorded to statements made by witnesses and counsel in the course of judicial proceedings for bringing offenders to justice, and the furnishing of preliminary information to officers charged with the duty of enforcing the law against offenders, and these are held to come within the rule of privileged occasions. Id. 629 *et seq.* Statements made to police and prosecuting officers with the design of originating and forwarding such proceedings are declared by the adjudications to be within the rule. *Grimes v. Coyle,* 6 B. Mon. 301; *In re Quarles and Butler,* 158 U. S. 532, 15 Sup. Ct. 959; *Shinglemeyer v. Wright,* 124 Mich. 230, 82 N. W. 887; *Morrow v. Wheeler & W. Mfg. Co.* 165 Mass. 349, 43 N. E. 105; *Wright v. Lothrop,* 149 Mass. 385, 21 N. E. 963; *Gabriel v. McMullin,* 127 Iowa, 426, 103 N. W. 355; *Vogel v. Gruaz,* 110 U. S. 311, 4 Sup. Ct. 12. Applying these principles to the facts and circumstances alleged for the purpose of obtaining discovery in the instant case, it necessarily follows that plaintiff has no cause of action arising out of the transaction participated in by the defendant before the grand jury; nor has he a cause of action against defendant by reason of any statements defendant made to the district attorney or his assistants in their official capacities. The order appealed from properly prohibited the court commissioner from inflicting the threatened punishment as for a contempt, and justly restrained him from causing disclosure in the course of the discovery proceedings of the transactions involved in the inquiries propounded to defendant.

It is urged that the doctrine of the decisions in the cases of *Murphy v. State,* 124 Wis. 635, 102 N. W. 1087, and *Havenor v. State,* 125 Wis. 444, 104 N. W. 116, recently made by this court, is a modification, by a partial abrogation, of the common-law rule pertaining to the secrecy of grand jury proceedings, and that such modification permits disclosure of such proceedings for the purposes now demanded. We find no basis for this claim and must re-affirm what was stated in the *Havenor Case,* that the secrecy of grand jury proceedings must be maintained within the limits prescribed by the statutes and established by the decisions of the courts, for reasons of public policy, to promote the effectual enforcement of the criminal law. This question is not, however, of importance in this case in view of the considerations above stated, which here control.

*By the Court.*—Order affirmed.