Martha S. STRENGTH, Plaintiff,

v.

W.L. HUBERT, et al., Defendants.

William L. STRENGTH, Jr., Plaintiff,

v.

W.L. HUBERT, et al., Defendants.

Civ. A. Nos. 86–D–0825, 86–D–0826–N.

United States District Court,
M.D. Alabama, N.D.

Sept. 25, 1987.

Griffin Sikes, Jr., Montgomery, Ala., and J. Myron Smith, Prattville, Ala., for plaintiffs Martha S. Strength and William L. Strength, Jr.

Ronald G. Davenport, Montgomery, Ala., for defendant W.L. Hubert.

Richard N. Meadows, State Asst. Atty. Gen., Montgomery, Ala., for defendant Carroll.

## MEMORANDUM OPINION

DUBINA, District Judge.

These causes are now before the Court on the plaintiffs' motion to reconsider, alter, amend or vacate this Court's Memorandum Opinion and Order filed herein on May 22, 1987, 660 F.Supp. 878. Pursuant to the terms and provisions of said Memorandum Opinion and Order, this Court granted summary judgment in favor of the defendants herein and, thereby, dismissed the plaintiffs' complaints with prejudice. The plaintiffs now seek an order from this Court which reconsiders, alters, amends or vacates said Memorandum Opinion and Order, as well as reinstatement of their claims and causes of actions against the defendants.

Having fully and carefully considered the instant motion, as well as numerous briefs filed herein by the respective parties, and oral arguments of counsel heard in open court on June 12, 1987, this Court is of the opinion that the instant motion is due to be granted to the extent that the same seeks reconsideration of 660 F.Supp. 878. It is the further opinion of this Court that after having reconsidered said Memo-

randum Opinion and Order and for reasons expressed below, said Memorandum Opinion is due to be altered and/or modified, in part. As will be seen *infra,* however, such alteration and/or modification of the reasoning and analysis underlying said Memorandum Opinion does not affect the accompanying Order granting summary judgment in favor of the defendants and dismissing these causes with prejudice. Accordingly, 660 F.Supp. 878 shall remain in full force and effect.

## I.  BACKGROUND

Before examining the grounds proffered by the plaintiffs in support of their motion to reconsider, the Court deems it necessary to briefly review the rulings (and, of course, the reasons therefor) which the plaintiffs seek reconsideration of in their motion.

Concerning defendant Carroll, this Court held that Carroll was entitled to a summary judgment against the plaintiffs on grounds that (1) as a matter of law, defendant Carroll was entitled to absolute immunity from liability under 42 U.S.C. § 1983 for allegedly giving false or perjurious testimony before the state grand jury which returned an indictment against the plaintiffs for the crime of forgery; (2) as a

matter of law, the plaintiffs had no § 1983 claims against defendant Carroll for his alleged pre-testimonial conspiratorial acts since such acts, assuming the same to have actually occurred, do not amount to a constitutional deprivation or proximately cause the same;[1] and (3) this Court lacked subject matter jurisdiction over the plaintiffs pendent state law claims of malicious prosecution, abuse of process and outrage.[2]

More specifically, this Court held concerning defendant Carroll that notwithstanding the fact that the *Briscoe* Court specifically reserved the question of whether a police officer/law enforcement witness testifying in his official capacity is entitled to absolute immunity from § 1983 liability for allegedly false and malicious testimony given at a probable cause hearing, the analysis and reasoning behind the *Briscoe* rule is equally applicable to § 1983 claims based upon allegedly false and malicious grand jury testimony given by a police officer/law enforcement witness testifying in his official capacity. *See* 660 F.Supp. at 884–886. Accordingly, this Court concluded that on grounds of absolute immunity, the plaintiffs had no § 1983 claim against defendant Carroll for his allegedly false and malicious grand jury testimony.[3] *See* 660 F.Supp. at 884–886. Moreover, concerning

---

**1.** As will be further noted *infra,* it is evident from the instant motion and accompanying briefs that counsel for the plaintiffs has misinterpreted or, at the very least, failed to recognize the basis of this Court's ruling concerning defendant Carroll's alleged pre-testimonial conspiratorial acts with defendant Hubert. *See* paragraphs 6 and 7 of the plaintiffs' motion to reconsider, and pages 10–12 and 15–17 of the plaintiffs' memorandum brief filed herein on June 1, 1987. Contrary to the assertions of plaintiffs' counsel, this Court did not immunize defendant Carroll for his alleged pre-testimonial conspiratorial acts with defendant Hubert. Though this Court did follow decisions from other courts in extending the absolute immunity established in *Briscoe v. LaHue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) so as to apply the same immunity to knowingly false and malicious grand jury testimony, this Court did not further extend that immunity so as to immunize defendant Carroll for his alleged pre-testimonial conspiratorial acts with defendant Hubert. Indeed, 660 F.Supp. at 886–887 clearly set forth the reasons why this Court granted summary judgment against the plaintiffs on their § 1983 claims against defendant Carroll for his alleged pre-

testimonial conspiratorial acts with defendant Hubert; i.e., the lack of a constitutional deprivation.

**2.** *See* plaintiffs' fifth, sixth, seventh and eighth claims for relief.

**3.** In so holding, this Court noted and gave deference to the following circuit court decisions which have extended the *Briscoe* rule so as to afford absolute immunity to police officers/law enforcement witnesses testifying in their official capacity at grand jury proceedings: *Kincaid v. Eberle,* 712 F.2d 1023 (7th Cir.), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983); *Briggs v. Goodwin,* 712 F.2d 1444 (D.C.Cir.1983), *cert. denied,* 464 U.S. 1040, 104 S.Ct. 704, 79 L.Ed.2d 169 (1984); and *San Filippo v. U.S. Trust Co. of New York,* 737 F.2d 246 (2d Cir. 1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985). This Court also noted that in *Collins v. Walden,* 613 F.Supp. 1306 (N.D.Ga.1985), *aff'd,* 784 F.2d 402 (11th Cir. 1986), the Court extended the *Briscoe* rule so as to afford absolute immunity to a § 1983 defend-

defendant Carroll, this Court held that the plaintiffs had no § 1983 claim for said defendant's alleged pre-testimonial conspiratorial acts since those acts standing alone (i.e., without the immunized grand jury testimony) did not arise to the level of a constitutional deprivation. As stated by this Court:

> [I]n other words, the question which begs itself is, that even if one were to assume that a conspiracy existed among the defendants herein, and the purpose of that conspiracy was to present false testimony to and withhold exculpatory evidence from a grand jury investigating the plaintiffs, and the conspiracy consisted of those numerous pre-testimony conspiratorial acts identified by the plaintiffs ..., of what federal or constitutional right have the plaintiffs been deprived of if the alleged conspiracy lacks the *one* act (i.e., defendant Carroll's testimony before the grand jury) which resulted in the grand jury's indicting the plaintiffs? In this Court's opinion, no federal or constitutional right arises under such circumstances.

660 F.Supp. at 887.[4] Accordingly, this Court concluded that as a matter of law, the plaintiffs had no § 1983 claim against defendant Carroll based upon those alleged acts which occurred prior to the giving of his grand jury testimony.

Finally, concerning defendant Hubert, this Court held that defendant Hubert was entitled to a summary judgment against the plaintiffs on grounds that the plaintiffs' § 1983 claims against him were due to be dismissed as a matter of law on grounds of lack of state action. In essence, this Court concluded that, given the Court's ruling dismissing the sole state actor (i.e., defendant Carroll) from these causes, it could not be said that defendant Hubert had deprived the plaintiffs of any

constitutional right under color of state law.

## II. PLAINTIFFS' MOTION TO RECONSIDER

Having reviewed the bases for 660 F.Supp. 878, the Court will now turn its attention to the grounds offered by the plaintiffs in support of their motion to reconsider said Order and Judgment.

In essence, the plaintiffs contend that this Court has erred in the following four respects:

First, ... the Court's application of the immunity for *trial* witnesses recognized in *Briscoe v. Lahue* to afford defendant Carroll immunity for his testimony before the Autauga County Grand Jury is without authority; and is an unauthorized extension of this immunity contrary to the policy considerations which underlie the immunity.

Second, even accepting *arguendo* that *Briscoe* affords Carroll immunity for giving false testimony to the Autauga County Grand Jury, the Court has erroneously interpreted the *scope* of that immunity to bar plaintiffs' claims arising out of other non-immune acts, i.e., the defendants' conspiracy to cause the indictments and prosecutions without probable cause.

Third, the Court erroneously dismissed *sub silento* the plaintiffs' claims that defendants, by their grossly negligent, incompetent and recklessly indifferent acts and omissions (as opposed to intentional acts), caused the plaintiffs' indictments and prosecutions.

Fourth, the Court errs in dismissing the plaintiffs' federal claims against defendant Hubert on the basis that absent any liability of Carroll, "Hubert cannot be

---

ant who allegedly gave knowingly false and malicious testimony in a deposition or affidavit.

**4.** The Court wishes to point out here that though it failed to use the term "probable cause" in ruling upon this pre-testimonial acts issue, the intent of this Court was, and still is, to hold that the alleged pre-testimonial acts of defendant

Carroll do not, by themselves, arise to the level of a constitutional deprivation; and, without defendant Carroll's grand jury testimony, it cannot be said that those acts were the probable cause of the indictment returned against the plaintiffs.

said to have deprived the plaintiffs of any constitutional right under color of state law. (660 F.Supp. at 888.)"

Pages 1–2 of the plaintiffs' memorandum brief in support of motion to reconsider. Each of these grounds will be discussed separately below.

## III. DISCUSSION

### A. *The "Existence" of Absolute Immunity in Favor of Defendant Carroll.*

■ The plaintiffs contend here that in affording defendant Carroll absolute immunity for his alleged false and malicious grand jury testimony, this Court has created law that is unsupported by any authority from the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit. Moreover, the plaintiffs contend that notwithstanding such a lack of controlling authority, this Court has failed to accurately balance the competing policy concerns which are relevant to a grant of absolute immunity. Finally, the plaintiffs contend that based upon the authority of *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), this Court has erred in its "functional analysis" in applying the absolute immunity doctrine to the facts and circumstances of the instant case.[5] In other words, the plaintiffs contend that from a functional standpoint, the facts and circumstances of the instant case are indistinguishable from *Malley,* in which the United States Supreme Court held that a police officer who, via a criminal complaint and supporting affidavit, gives false testimony to a magistrate for the purpose of obtaining an arrest warrant, is not entitled to absolute immunity in a subsequent § 1983 action based upon such false testimony. The *Malley* Court held, instead, that such a police officer is only entitled to qualified immunity from § 1983 liability. Accordingly, the plaintiffs contend that defendant Carroll is only entitled to qualified immunity herein. This Court does not agree.

First of all, the Court wishes to point out that outside of the plaintiffs' arguments based upon *Malley v. Briggs, supra,* the plaintiffs have presented nothing that this Court has not already considered in support of the plaintiffs' contention that defendant Carroll should not be afforded absolute immunity from § 1983 liability herein for his alleged false and malicious grand jury testimony. Though this Court recognizes that the United States Supreme Court specifically reserved this question in *Briscoe,* 460 U.S. at 328, n. 5, 103 S.Ct. at 1112 n. 5, this Court has not —contrary to the beliefs of plaintiffs' counsel— "created" law in holding that defendant Carroll is absolutely immune from § 1983 liability based upon his grand jury testimony. As recognized and discussed by this Court in 660 F.Supp. 878, the question of whether the *Briscoe* rule should be extended to grand jury testimony is a difficult and troubling issue which has resulted in a split among the federal courts of appeals that have considered the matter. Though this Court has recognized and respectfully considered the opinions of those courts which have declined to so extend the *Brisco* rule,[6] this Court is of the opinion that the better reasoning and analysis of the issue is found in the opinions of those courts which have held otherwise; all of which have had certiorari denied by the United States Supreme Court.[7] Accordingly, absent any authority from the Eleventh Circuit disagreeing with the opinions of these latter courts, this Court remains firm in its decision to follow the same and hold that defendant Carroll is absolutely immune from § 1983 liability

5. In *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978), the United States Supreme Court held that in determining whether to afford absolute immunity, a "functional analysis" of the activity sought to be immunized should be made.

6. The Court's research reveals that the following circuits have declined to afford a § 1983 defendant absolute immunity for false testimony given

at grand jury proceedings: *Anthony v. Baker,* 767 F.2d 657 (10th Cir.1985); *Krohn v. United States,* 742 F.2d 24 (1st Cir.1984); and *Wheeler v. Cosden Oil & Chemical Co.,* 734 F.2d 254 (5th Cir.), *reh'g denied, opinion amended,* 744 F.2d 1131 (5th Cir.1984).

7. *See* cases cited *supra,* n. 3.

herein for his alleged false and malicious grand jury testimony. The plaintiffs' contentions of "lack of authority" and "bad policy" merit no further consideration by this Court.

The plaintiffs next contend that, based upon the authority of *Malley v. Briggs, supra,* this Court has erred in holding that absolute immunity exists in favor of defendant Carroll for his alleged false and malicious grand jury testimony. The apparent basis for this contention is as follows: In *Butz v. Economou, supra,* n. 5, the United States Supreme Court held that the absolute immunity analysis rests upon functional categories rather than upon the defendant's status. Moreover, in *Malley,* the Court held that a police officer who, via a criminal complaint and supporting affidavit, gives false testimony to a magistrate for the purpose of obtaining an arrest warrant, is entitled to only qualified, as opposed to absolute, immunity in a subsequent § 1983 action wherein the plaintiffs allege that such false testimony deprived them of certain rights under the Fourth and Fourteenth Amendments to the United States Constitution. Thus, the plaintiffs herein submit that given the holdings in *Butz* and *Malley,* as well as the fact that testimony before a grand jury is the functional equivalent of testimony before a magistrate prior to the issuance of an arrest warrant,[8] this Court cannot consistently find that defendant Carroll is entitled to absolute immunity. This Court does not agree.

It is clear that the Court in *Malley* declined to afford the complaining officer absolute immunity for two principle reasons: (1) complaining witnesses were not entitled to absolute immunity at common law; and (2) the Court's view that the qualified immunity defense afforded the complaining officer adequate protection to § 1983 liability. *See Malley v. Briggs,* 106 S.Ct. at

1096. Such reasoning, however, is clearly not applicable herein. To begin with, the position at common law (on which the *Briscoe* Court laid heavy emphasis in extending absolute immunity to trial witnesses) was that a witness testifying before a grand jury enjoyed absolute immunity. *See Lake v. King,* 1 Wms.Saund. 131, 132, 85 Eng. Rep. 137, 139 (K.B. 1679); the *King v. Skinner,* 1 Lofft 55, 56, 98 Eng.Rep. 529, 530 (K.B. 1772); *Kidder v. Parkhurst,* 3 Allen 393, 396 (Mass.1862); *Schultz v. Strauss,* 127 Wis. 325, 328, 106 N.W. 1066, 1067 (1906). Thus, the common law basis for the Court's ruling in *Malley* is at opposite with the common law position regarding grand jury witnesses. Moreover, turning from history to policy, this Court is of the opinion that the concern expressed by the Court in *Briscoe* with regard to the impact of liability on witnesses testifying at trial, is every bit as forcefully presented by the prospect of imposing liability on witnesses testifying before the grand jury. In other words, whether it be in a trial courtroom or a grand jury hearing room, a police officer who faces the prospect of a § 1983 suit every time he testifies will be distracted from and impeded in the performance of his official duties. As noted by the D.C. Circuit Court of Appeals:

> *Briscoe* emphasized the concern that the absence of immunity would interfere with the ability of "judicial proceedings" "to determine where the truth lies." *That concern applies not only to trials, but to any judicial proceeding where the testimony of witnesses might be affected by the lack of immunity.*

*Briggs v. Goodwin,* 712 F.2d at 1448–49 (emphasis added). Thus, given these strong policy concerns surrounding judicial proceedings, this Court is of the opinion that the fact that the Court in *Malley* viewed the qualified immunity defense as

---

8. The plaintiffs rely upon *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) for *their proposition that these two forms of testimony are functionally equivalent. In Gerstein,* the Court held that a state grand jury indictment is to be considered equivalent to a magistrate's determination of probable cause prior to the issuance of a warrant. Though it appears to

this Court that it is the *results* of these two forms of testimony which are functionally equivalent as opposed to the *acts* themselves, this Court will accept *arguendo* that the plaintiffs' analogy is correct since, for reasons expressed *infra,* this Court is of the opinion that *Malley* is distinguishable on other grounds.

sufficient protection for the complaining officer is readily distinguishable herein. Based upon all of the foregoing, this Court reaffirms and stands by its holding that absolute immunity from § 1983 liability exists in favor of defendant Carroll for his alleged false and malicious grand jury testimony.

### B. *"The Scope" of Defendant Carroll's Immunity.*

■ Contrary to the assertions made by the plaintiffs' counsel, 660 F.Supp. 878, does not immunize defendant Carroll for those pre-testimonial acts which he is alleged to have committed with defendant Hubert as part of a conspiracy to deprive the plaintiffs of their constitutional rights. Instead, and as noted above, at 887, clearly expresses the Court's view that without defendant Carroll's immunized testimony, none of the acts allegedly committed by defendant Carroll (whether committed intentionally, with gross negligence or recklessness) prior to his grand jury testimony can be said to have been the proximate cause of the indictment returned against the plaintiffs. Defendant Carroll's testimony, the same being the sole testimony heard by said grand jury, is the only act which can logically be said to have proximately caused the indictment. With that act being immunized herein, the causal chain is broken between defendant Carroll's alleged pre-testimonial acts and the return of the indictment against the plaintiffs.

Moreover, any investigatory acts, omissions or torts allegedly committed by defendant Carroll prior to his grand jury testimony, whether committed individually or as part of a conspiracy with defendant Hubert, cannot, in the opinion of this Court, be said to arise to any constitutional dimension in and of themselves. Such acts, without more, simply do not constitute a constitutional injury. Were it otherwise, a 1983 claim would lie against a law enforcement officer for every error in judgment made during an investigation. Accordingly, the plaintiffs' claims against defendant Carroll

for his alleged pre-testimonial acts must fail as a matter of law.

### C. *Plaintiffs' Claims Based Upon Gross Negligence and Recklessness.*

■ The plaintiffs contend that this Court erred in dismissing their second and third claims for relief based upon the defendants' "gross negligence, incompetence, recklessly indifferent acts, and omissions which caused the plaintiffs' indictments and prosecutions." *See* page 2 to the plaintiffs' memorandum brief in support of motion to reconsider filed herein on June 1, 1987. Though the plaintiffs' counsel has vehemently argued that, "there is a lot of case here even in the absence of defendant Carroll's grand jury testimony," the fact remains that in the opinion of this Court, any acts committed by the defendants (whether intentional, grossly negligent or reckless) prior to defendant Carroll's grand jury testimony simply do not result —either by themselves or in combination with any other act— in any constitutional deprivation to the plaintiffs. It is the rendition of an unlawful indictment which the plaintiffs claim as their injury herein. It simply defies reason and logic to say that that injury would have occurred without defendant Carroll's testimony. Thus, regardless of how negligent or reckless the defendants are alleged to have been, those negligent and/or reckless acts were not the proximate cause of the plaintiffs' alleged injury.

Moreover, to the extent that the plaintiffs' second and third claims for relief are based upon a theory of negligence, it is clear that such a theory cannot support liability under § 1983. See *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); and *Owens v. City of Atlanta,* 780 F.2d 1564 (11th Cir.1986). Though this Court recognizes that the United States Supreme Court has reserved the question of whether something less than intentional conduct but more than mere negligence can suffice to support liability under § 1983, *see Daniels,* 106 S.Ct. at 667, n. 3, this

Court is of the opinion that regardless of the alleged state of mind of the defendants, the plaintiffs have suffered no constitutional deprivation as a result of the defendants' alleged conduct.

### D. *Plaintiffs' Claims Against Defendant Hubert.*

■ Finally, the plaintiffs contend that this Court erred in dismissing their claims against defendant Hubert on grounds that, given the dismissal of defendant Carroll from these causes, the plaintiffs' § 1983 claims against defendant Hubert fail for lack of state action. The plaintiffs contend that based upon the authority of *Dennis v. Sparks*, 449 U.S. 24, 66 L.Ed.2d 185, 101 S.Ct. 183 (1980), it is of no consequence to the plaintiffs' § 1983 claims against defendant Hubert that the plaintiffs' claims against defendant Carroll, the sole state actor herein, have been dismissed as a matter of law. Having reviewed the Court's decision in *Dennis*, as well as the case of *Scott v. Dixon*, 720 F.2d 1542 (11th Cir. 1983), this Court agrees with the plaintiffs that the Court erred in dismissing the plaintiffs' § 1983 claims against defendant Hubert on grounds of lack of state action. It appears to this Court that, based upon the above-cited authorities, the state action requirement of the plaintiffs' § 1983 claims against defendant Hubert is satisfied, notwithstanding defendant Carroll's dismissal from these causes. Accordingly, 660 F.Supp. 878, is due to be modified in this regard.

■ State action, however, is but one requirement necessary in order to successfully assert a § 1983 cause of action. As noted above, the second requirement for a § 1983 claim is that the alleged conduct complained of must have deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Baker v. McCollan*, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Paisey v. Vitale in and For Broward County*, 807 F.2d 889 (11th Cir.1986); and *Motes v. Myers*, 810 F.2d 1055 (11th Cir.1987). As previously held by this Court, these two elements are jurisdictional requisites for a § 1983 action and, absent proof of the same, results in the dismissal of a § 1983 action as a matter of law. *See Nail v. Community Action Agency of Calhoun Co.*, 805 F.2d 1500 (11th Cir.1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)).

■ For the reasons expressed hereinabove with regard to those acts allegedly committed by defendant Carroll prior to his grand jury testimony, this Court is of the opinion that the plaintiffs' § 1983 claims against defendant Hubert must likewise fail on grounds that the acts allegedly committed by defendant Hubert do not in and of themselves result in any constitutional deprivation or, in combination with any other act, proximately cause the plaintiffs' any constitutional deprivation. In the opinion of this Court, it makes no difference whether the acts alleged against defendant Hubert were committed by him either individually or as part of a conspiracy with defendant Carroll. A constitutional deprivation must be the result of those acts, and as discussed above, this Court finds no such constitutional injury to the plaintiffs. Accordingly, this Court stands by its order of May 22, 1987, granting defendant Hubert's motion for summary judgment.

A separate order will accompany this Memorandum Opinion.

### ORDER

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is the

ORDER, JUDGMENT and DECREE of the Court that the plaintiffs' motion to reconsider, alter, or amend Judgment be and the same is hereby GRANTED to the extent that said motion seeks reconsideration of 660 F.Supp. 878, which granted summary judgment in favor of the defendants to

this cause. In all other respects, said motion is hereby DENIED.

